IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT,<br><br>        Plaintiff,<br><br>    v.<br><br>D.C. COUNCIL,<br><br>        Defendant. | Case No.: 12-2465 JSC<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **(Dkt. No. 3)** |

Plaintiff, proceeding pro se, filed a complaint and an amended complaint challenging the constitutionality of the D.C. Council.[1] (Dkt. Nos. 1, 2.) He also filed an application to proceed *in forma pauperis*, which is GRANTED. (Dkt. No. 3.) However, under 28 U.S.C. §1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court also has an independent obligation to determine that it has subject matter jurisdiction over an action. United States v. Moreno-Morillo, 334 F.3d 819, 830 (9th Cir. 2003).

---

[1] Plaintiff consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6.)

**DISCUSSION**

Under the "case or controversy" requirement of Article III to the United States Constitution, a federal court has subject matter jurisdiction over a claim only if the plaintiff has "standing" to bring the claim and the claim is ripe for adjudication. Chandler v. State Farm Mutual Automobile Ins. Co., 598 F.3d 1115, 1121 (9th Cir. 2010). A plaintiff must "allege at the pleading stage 'specific facts sufficient to satisfy' all of the elements of standing for each claim he seeks to press." Coalition For A Sustainable Delta v. Federal Emergency Management Agency, 711 F.Supp.2d 1152, 1158 (E.D. Cal. 2010) (quoting Schmier v. U.S. Court of Appeals for Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002)); see also Baker v. United States, 722 F.2d 517, 518 (9th Cir. 1983) (stating that "facts to show standing must be clearly apparent on the face of the complaint"). To meet his standing burden, the plaintiff "must demonstrate three elements which constitute the 'irreducible constitutional minimum' of Article III standing." San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996):

> First, plaintiffs must have suffered an "injury-in-fact" to a legally protected interest that is both "concrete and particularized" and "actual or imminent," as opposed to "'conjectural' or 'hypothetical.'" Second, there must be a causal connection between their injury and the conduct complained of. Third, it must be "likely"-not merely "speculative"-that their injury will be "redressed by a favorable decision."

Id. (citations omitted).

Neither Plaintiff's complaint nor his amended complaint satisfies this standing burden. Plaintiff seeks the "elimination and abolishment of the D.C. Council" as well as a "trillion dollars in punitive and monetary damages." (Dkt. No. 1 at 1.) Plaintiff's handwritten amended complaint references Brown v. Board of Education and attaches a copy of what appears to be a newspaper article entitled "Gap Grows Between Rich, Poor Schools." (Dkt. No. 2 at 3, 5-6.) Plaintiff does not, however, specifically identify Defendant's unconstitutional conduct, when and where it occurred, or any constitutional provision that he contends is being violated. As such, Plaintiff's complaint and amended complaint fail to establish standing and, as a consequence, this Court's subject matter jurisdiction over Plaintiff's claim.

1    In addition, Plaintiff has the burden of showing that this California Court has personal
2 jurisdiction over the D.C. Council. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986).
3 "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-
4 arm statute permits the assertion of jurisdiction without violating federal due process."
5 Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004).  Because
6 California's long-arm statute is co-extensive with federal due process requirements, the
7 jurisdictional analyses under California law and federal due process are the same.  Id. at 801.
8 The Due Process Clause requires that nonresident defendants such as the D.C. Council have
9 certain "minimum contacts" with the forum state, "such that the exercise of personal
10 jurisdiction does not offend traditional notions of fair play and substantial justice." Int'l Shoe
11 Co. v. Washington, 326 U.S. 310, 316 (1945).

The Ninth Circuit has articulated a three-part test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction in the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)).  Here, Plaintiff lives in Washington, D.C.; the Defendant is a Washington, D.C. entity; and the challenged conduct—to the extent the Court can decipher Plaintiff's claims[2] from the attached newspaper article—also occurred in Washington, D.C.  Based on these facts, this Court does not have personal jurisdiction over the D.C. Council in this action.

---

[2] Other courts in this district have likewise noted difficulty interpreting Plaintiff's claims.  See Hunt v. State of California, Case No. 12-2291 (MEJ)(dismissed for failure to state a claim); Hunt v. Cooper, Case No. 09-3387(JSW)(dismissed for failure to state a claim). On May 15, 2012, Plaintiff also filed an ongoing suit against the U.S. Parole Commission. Case No. 12-2470 (DMR).

**CONCLUSION**

Since Plaintiff has not articulated facts establishing injury, specific unconstitutional conduct by Defendant, or this Court's personal jurisdiction in this matter, Plaintiff's complaint and amended complaint are DISMISSED with prejudice. Generally, "[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment," Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009), and "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir.1995). However, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotations and citations omitted). The Court finds that the deficiencies in Plaintiff's complaint and amended complaint could not be cured by further amendment; there is no amendment that would give this San Francisco court jurisdiction—or venue--to declare the Washington, D.C. Council unconstitutional.

Under 28 U.S.C. § 1915(a)(3), "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Permission to proceed *in forma pauperis* is only appropriate for a non-frivolous appeal. Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The Court finds that any appeal in this case would be frivolous, and leave to proceed *in forma pauperis* will not be granted. If Plaintiff wishes to appeal this decision, he must therefore pay the required fee at the time of filing.

**IT IS SO ORDERED.**

Dated: May 31, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE